IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 15, 2024

**IN RE JOLENE S.**

**Appeal from the Juvenile Court for Bradley County**
**No. J23-0326, J20-0252    Andrew B. Morgan, Judge**

_____

**No. E2024-01708-COA-T10B-CV**

_____

In this accelerated interlocutory appeal, the appellant's oral motion for recusal made during trial was denied. She then filed a written motion for recusal that apparently has yet to be resolved by the trial court. Because no order denying the motion has been entered, we dismiss the appeal.

**Tenn. S. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Tibila Aida Tekle, Madisonville, Tennessee, pro se.

**MEMORANDUM OPINION**[1]

**I.   FACTS & PROCEDURAL HISTORY**

This appeal involves proceedings to terminate parental rights. The trial on the termination petition was held on October 28, 2024. At the beginning of the trial, Tibila Aida Tekle ("Mother") orally moved to recuse the trial judge, Andrew Morgan, on the basis of bias against her. Although we do not have a transcript of the hearing, Mother claims

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

that Judge Morgan stated that recusal motions must be in writing. Judge Morgan denied the oral motion and continued with the trial, which concluded on the same day. The record on appeal contains a written order entered by the trial court that afternoon, at 4:36 p.m., entitled, "ORDER ON ORAL MOTION TO RECUSE." The written order states that Mother made an oral motion for recusal at the beginning of trial alleging that Judge Morgan was "unable to hear this case due to bias against [her]." The order states that "there is no bias on the part of Judge Morgan against [Mother], the Department of Children's Services, or any other party or third party in this case." Thus, the order stated that Mother's oral motion was denied and that Judge Morgan would "continue presiding over this cause until its conclusion."

Two days later, on October 30, 2024, Mother filed a written motion for recusal, supported by an attached affidavit.[2] The record before us does not contain any order resolving this written motion. On November 4, 2024, the trial court entered an order terminating parental rights.[3] In describing what occurred at trial, the order states,

> Mother then made an oral Motion to Recuse accusing the Court of bias. The Court denied the Motion as it lacked merit since nothing more than a blanket claim of bias was made in response to the Court denying her Motion, not an actual bias. A written Order was drafted and then signed.

There is no mention of Mother's written motion for recusal, and the record provided to this Court on appeal does not contain any order resolving the written motion filed on October 30. On November 13, 2024, Mother filed a petition for an accelerated interlocutory appeal to this Court pursuant to Rule 10B of the Rules of the Supreme Court of the State of Tennessee.

## II. DISCUSSION

Because Mother is pursuing accelerated interlocutory review pursuant to Rule 10B, she is subject to the Rule's specific requirements. *See Rothberg v. Fridrich & Assocs. Ins. Agency, Inc.*, No. M2022-00795-COA-T10B-CV, 2022 WL 2188998, at *1 (Tenn. Ct. App. June 17, 2022). "Our Rule 10B jurisprudence has emphasized how it 'is imperative that litigants file their petitions for recusal appeal in compliance with the *mandatory requirements* of Rule 10B in the first instance.'" *Id.* at *2 (quoting *Johnston v. Johnston*,

---

[2] We note that Mother's recusal motion lists two separate docket numbers. Her petition for recusal appeal does as well. However, she did not provide this Court with any orders from the separate case. The order terminating parental rights does describe a separate proceeding in which the child was adjudicated dependent and neglected, the court placed the child with the Department of Children's Services, and it "closed the case, but for review on the child's permanency."

[3] The copy of the order terminating parental rights that Mother provided to this Court is stamp-filed and contains the trial judge's signature, but the spaces in the certificate of service for the signature of the clerk and the date are blank.

No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015)). Rule 10B provides, in pertinent part:

> **1.01.** Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a *written motion* filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal. . . .
> . . .
> **1.03.** Upon the filing of a motion pursuant to section 1.01, the judge shall act promptly *by written order* and either grant or deny the motion. If the motion is denied, the judge shall state *in writing* the grounds upon which he or she denies the motion. Notwithstanding the foregoing, if a subsequent section 1.01 motion is filed in the same case but fails to state, with specificity, substantially different factual and legal grounds than those relied upon in support of a previous section 1.01 motion, the judge may act summarily by filing a written order denying the motion as repetitive. The judge need not require a response to the motion, conduct a hearing on it, or provide any other written explanation for denying the motion.
> . . . .
> **2.01.** If the trial court judge *enters an order* denying a motion for the judge's disqualification or recusal, or for determination of constitutional or statutory incompetence, the trial court's ruling either can be appealed in an accelerated interlocutory appeal as of right, as provided in this section 2, or the ruling can be raised as an issue in an appeal as of right, see Tenn. R. App. P. 3, following the entry of the trial court's judgment. . . .
> **2.02.** *To effect an accelerated interlocutory appeal as of right* from the denial of a motion for disqualification or recusal of the trial court judge, a petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's *entry of the order*. . . .
> **2.03** . . . The petition shall be accompanied by *a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion*, and a copy of any other parts of the trial court record necessary for determination of the appeal.

Tenn. R. Sup. Ct. 10B (emphasis added).

"[A]s a result of the accelerated nature of these appeals, 'meticulous compliance' with Rule 10B is required regarding the content of the record provided on appeal." *Rothberg*, 2022 WL 2188998, at *2 (quoting *Johnston*, 2015 WL 739606, at *2). "'In expedited interlocutory appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition.'" *Id.* (quoting *Smith v. Daniel*, No. M2019-02083-COA-T10B-CV, 2019 WL 6825976, at *1 n.1 (Tenn.

Ct. App. Dec. 13, 2019)).  To put it simply, "in the context of an accelerated interlocutory appeal under Rule 10B, we cannot physically see something that is not provided in connection with the initiating petition." *Id.*  The fact that filings may exist in a trial court's record "does not enable us to review them in connection with the appeal if they are not provided to us." *Id.* at *2 n.3.

As it is, the record before us only contains an order addressing the *oral* motion for recusal Mother made at trial.  This Court recently explained the following principles in the context of considering an oral recusal motion:

> The first sentence [of Rule 10B] provides two key elements of a motion to recuse. First, a written motion is required. . . .
> The information provided by the parties shows that an oral motion was presented to the judge on September 26, 2022. An oral motion does not meet the conditions of Rule 10B. It may be tentative. It may not be presented with supporting authority. It might be a heat-of-the-moment statement. There may or may not be a transcript. Rule 10B envisions a thoughtful motion supported by facts and law that can be evaluated by the judge and, if need be, the appellate court. An oral motion does not invoke the procedures of Rule 10B. *See Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-R10B-CV, 2015 WL 2258172, at *4 (Tenn. Ct. App. May 8, 2015).

*Adams v. Dunavant*, No. W2022-01747-COA-T10B-CV, 2023 WL 1769356, at *3 (Tenn. Ct. App. Feb. 3, 2023); *see also Rezba*, 2015 WL 2258172, at *4 ("[T]he oral motion for recusal and the trial court's oral denial of the motion . . . were of no effect to trigger the timeline for purposes of an accelerated interlocutory appeal. In other words, until the motion was made in writing and an order was entered on that motion, HealthSouth could not have filed its accelerated interlocutory appeal under Rule 10B.").

Our supreme court has stated that "a claim of judicial bias may be deemed waived if a litigant [] fails to file a written recusal motion[.]" *Cook v. State*, 606 S.W.3d 247, 254-55 (Tenn. 2020).  In addition, "Rule 10B clearly requires a written motion to recuse that strictly complies with Rule 10B." *Burkhart v. Burkhart*, No. M2023-01390-COA-T10B-CV, 2023 WL 6818637, at *4 (Tenn. Ct. App. Oct. 17, 2023).  "This Court has repeatedly held that the requirements of Rule 10B must be strictly followed." *Valderrama v. Hurvitz*, No. E2024-00496-COA-T10B-CV, 2024 WL 1654496, at *3 (Tenn. Ct. App. Apr. 17, 2024) (quoting *StoneyBrooke Invs., LLC v. Mccurry*, No. E2024-00253-COA-T10B-CV, 2024 WL 837942, at *2 (Tenn. Ct. App. Feb. 28, 2024)).  Because Mother's oral motion for recusal wholly failed to comply with the mandates of Rule 10B, we deem any argument regarding her oral recusal motion, to the extent one is made, waived in this accelerated Rule 10B appeal.  *See Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *3 (Tenn. Ct. App. July 28, 2020) ("When a petitioner fails to support a

[recusal] motion with [the] mandatory affidavit or declaration under penalty of perjury, we have repeatedly held that the request for recusal was waived."); *see also Slaughter v. Stillwagon*, No. E2023-01531-COA-T10B-CV, 2023 WL 7326357, at *1-2 (Tenn. Ct. App. Nov. 7, 2023) (dismissing a Rule 10B appeal for failure to provide this Court with a copy of the written motion to recuse filed in the trial court); *Cisneros v. Miller*, No. M2016-02426-COA-T10B-CV, 2017 WL 113964, at *2 (Tenn. Ct. App. Jan. 6, 2017) (dismissing a Rule 10B appeal where we could not "excuse Father's failure to comply with Rule 10B's requirement that he supply a copy of the motion for recusal filed with the trial court" and the absence of the motion rendered "de novo review of the trial court's decision unfeasible").[4]

We now turn to Mother's written recusal motion. To briefly summarize the relevant timeline, the trial concluded on October 28, and the trial court entered an order denying the oral recusal motion that same day. On October 30, Mother filed a written recusal motion. From the record provided to this Court, it does not appear that the trial court addressed or resolved the written motion.

This Court recently considered another case involving multiple recusal motions, and we emphasized the importance of resolving all of them. In *Burkhart*, 2023 WL 6818637, at *1, the appellant filed three separate motions to recuse. The first motion was denied by order on September 19, 2023. *Id.* The second motion was filed on September 26, and the trial judge wrote in handwriting on the motion that it was denied because parts of the motion were repetitive and it failed to comply with Rule 10B. *Id.* Later that same day, the appellant filed a third motion to recuse, which the trial court again denied by "hand writing its ruling" on the motion itself. *Id.*

Reviewing the matter in the context of an accelerated Rule 10B appeal, we explained that when a motion to recuse is filed, the trial court "'shall act promptly by written order and either grant or deny the motion,'" and if the motion is denied, "'the judge shall state in writing the grounds upon which he or she denies the motion.'" *Id.* at *3 (quoting Tenn. R. Sup. Ct. 10B, § 1.03). The need to state the grounds for denial is "somewhat relaxed when a repetitive motion is filed." *Id.* Rule 10B provides that if a subsequent motion is filed "'but fails to state, with specificity, substantially different factual and legal grounds than those relied upon in support of a previous [] motion, the judge may act summarily by filing a written order denying the motion as repetitive.'" *Id.* (quoting Tenn. R. Sup. Ct. 10B, § 1.03). In that situation, "'[t]he judge need not require a response to the motion, conduct a hearing on it, or provide any other written explanation for denying the motion.'" *Id.* (quoting Tenn. R. Sup. Ct. 10B, § 1.03).

---

[4] *But see Alexander-Bilyeu v. Metro. Gov't Of Nashville & Davidson Cnty.*, No. M2013-02591-COA-R3-CV, 2014 WL 3954876, at *4 (Tenn. Ct. App. Aug. 13, 2014) (noting that Rule 10B requires a written motion but, "[n]otwithstanding [the appellant's] failure to submit a written motion," reviewing a trial court's order denying an oral motion to recuse in the context of a Rule 3 appeal).

Looking to the order denying the first recusal motion, we agreed with the trial court that it was procedurally deficient and should have been denied, as it was not supported by an affidavit under oath or a declaration under penalty of perjury that the allegations were based on the appellant's personal knowledge. *Id.* Simply put, the first written motion did not "contain all the elements necessary to comply with Rule 10B," so we affirmed the denial of the first motion. *Id.* at \*4.

We reached a different conclusion, however, for the latter two motions. *Id.* at \*5. We noted that the trial court "ostensibly denied" the second and third motions on the day they were filed by way of its handwritten notations appended to the end of the motions. *Id.* The handwriting on the first motion stated, "<u>MOTION DENIED.</u> Rule 10b not followed. Parts of this motion fall under the restrictions against multiple motions to revise addressed by Rule 10b 1.01." *Id.* It was followed by the judge's signature. *Id.* The note on the second motion simply stated, "SUMMARILY DENIED. Sup. Ct. Rule 10b 1.01." *Id.* This notation also contained the judge's signature. *Id.* We acknowledged that a trial judge may "summarily deny" a repetitive motion "via the procedure contained in section 1.03." *Id.* However, that section requires "'a written order denying the motion as repetitive.'" *Id.* (quoting Tenn. Sup. Ct. R. 10B, § 1.03). Thus, we explained that although "the above framework allows a trial judge to deny a repetitive motion to recuse without providing a detailed explanation for doing so, it does not dispense with the requirement that the denial of such motion be accomplished by filing a written order." *Id.* In fact, we explained that in the absence of a stamp-filed written order that complied with Tennessee Rule of Civil Procedure 58, "no written orders were effectively entered" disposing of the motions, so the time for filing an accelerated interlocutory appeal had not yet been triggered. *Id.* at \*6. Rule 10B provides that a petition for recusal appeal must be filed in the appellate court "'within twenty-one days of the trial court's *entry of the order*.'" *Id.* (quoting Tenn. Sup. Ct. R. 10B, § 2.02). We acknowledged "the frustration that can result from the filing of repetitive motions" but explained that "judges are required to enter proper orders setting forth their rulings in accordance with all applicable rules, not only to ensure the orderly process of appeals, but also to 'reinforce[ ] the legitimacy of the legal process' and 'promote[ ] respect for the judicial system.'" *Id.* (quoting *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 313 (Tenn. 2014)). Notably, we acknowledged that the second and third recusal motions were "also not accompanied by affidavits or declarations under penalty of perjury," but "as a result of the trial court's failure to enter effective orders denying those motions, we [did] not reach the question of whether the deficiencies that felled [the first] motion would also prove fatal to [the appellant's] latter two motions to recuse." *Id.* at \*6 n.9. In the absence of an effective written order denying the latter two recusal motions, we concluded that this Court lacked jurisdiction under Rule 10B to review the denial of those motions, so we dismissed the appeal without prejudice as to those two motions. *Id.*

Because the record on appeal does not contain any written order denying Mother's written recusal motion of October 30, we likewise dismiss this appeal. *See also Arnold v.*

*Malchow*, No. M2024-00314-COA-T10B-CV, 2024 WL 1092995, at *2-3 (Tenn. Ct. App. Mar. 13, 2024) (dismissing a Rule 10B appeal because "the trial court has not entered an order denying Appellant's motion for recusal" so "there is nothing for this Court to review under Rule 10B").

### III.  CONCLUSION

This appeal is hereby dismissed.  The matter is remanded to the trial court for further proceedings.  Costs of this appeal are taxed to the appellant, Tibila Aida Tekle, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE